UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AURO REHAB SERVICES LLC,<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE CO.,<br><br>    Defendant. | Case No. 23-cv-13047<br><br>Honorable Robert J. White |

**ORDER FOR DEFENDANT TO SHOW CAUSE**

On July 20, 2023, Plaintiff, Auro Rehab Services LLC, filed a two-count complaint against Defendant, State Farm Mutual Automobile Insurance Co., in Wayne Circuit Court for nonpayment of no-fault insurance benefits and breach of contract. (ECF No. 1-2, PageID.12-16).  Defendant removed the case to federal court, asserting that the Court has diversity jurisdiction over the case under 28 U.S.C. § 1332. (ECF No. 1, PageID.4-6).  As discovery progressed, the case was reassigned to the Court.  The Court now raises some concerns over its jurisdiction to hear the case. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.").

Since Defendant invokes diversity jurisdiction, it "bears the burden of establishing the parties' citizenships." *Akno 1010 Mkt. St. St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022). Diversity jurisdiction exists where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interests and costs" and the dispute is between citizens of different states. 28 U.S.C. § 1332(a).

Defendant is a corporation registered and with its principal place of business in Illinois. (ECF No. 1, PageID.2). According to Defendant's notice of removal, Plaintiff is and was at all relevant times a "corporation" registered and with its principal place of business in Michigan. (ECF No. 1, PageID.2). Despite Plaintiff being named as an LLC, its complaint similarly refers to itself as a corporation registered and located in Michigan. (ECF No. 1-2, PageID.13-14).

However, limited liability companies are not like corporations, whose citizenship is determined by the state(s) where they are incorporated and maintain their principal place of business. 28 U.S.C. § 1332(c)(1); *see also Pourtaghi*, 43 F.4th at 627 ("LLCs are *not* corporations, and different pleading rules apply when these entities are parties to a diversity suit.") (emphasis in original). "Unlike a corporation, an LLC's state of organization does not establish its citizenship." *Id*. at 626 (citing 28 U.S.C. § 1332(c)(1)). Rather, an LLC "has the citizenship of its members and sub-members." *Id*.

Here, instead of naming and establishing "the citizenships of [Plaintiff's] members and sub-members," *id*. at 627, Defendant asserts that Plaintiff, identified by name as an LLC, is and was "a corporation licensed to conduct business under the laws of the State of Michigan, and at all times was conducting business in the State of Michigan, and was a resident of the City of Warren, County of Macomb, State of Michigan with its principal place of business on 31904 Ryan Road, Warren, Michigan." (ECF No. 1, PageID.2). This is insufficient. *See Pourtaghi*, 43 F.4th at 626 (remanding for determination of subject-matter jurisdiction where the plaintiff LLC "did not ... adequately allege its own citizenship—it merely asserted that it is 'organized under the laws of Michigan'").

Because the Court is unable to conclude whether it has federal subject matter jurisdiction, it is hereby,

IT IS ORDERED that within 14 days of the date of this Order, Defendant shall show cause as to why this action should not be remanded to state court for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that Defendant must specify in its response to this show cause order whether Plaintiff is actually a corporation or a limited liability company. In the event Plaintiff is, in fact, a limited liability company, Defendant

must sufficiently allege the citizenship of each of Plaintiff's members and sub-members.

IT IS FURTHER ORDERED that in the event Defendant decides that remand is proper, it may forego briefing and instead notify the Court within 14 days of this Order that it will be submitting a proposed stipulated order remanding the case to state court.

Dated: October 24, 2024            s/Robert J. White
                                   Robert J. White
                                   United States District Judge